FILED

NOT FOR PUBLICATION

DEC 15 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALBERTO BENEDICTO HOLGUIN ROMO, | Nos. 13-72137 <br> 14-72799 |
| Petitioner, | Agency No. A011-308-047 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2015**

Before: WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Alberto Benedicto Holguin Romo, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") (No. 13-72137), and of the BIA's order denying his untimely motion to reopen proceedings (No. 14-72799). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and we review de novo questions of law. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We review for abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We dismiss in part and deny in part the petitions for review.

In petition No. 13-72137, the BIA found that Holguin Romo conceded he was removable due to an aggravated felony. As to asylum, the BIA found that Holguin Romo did not challenge the IJ's determination that his conviction rendered him ineligible for relief. Thus, we lack jurisdiction to review any challenge to the IJ's denial of asylum that Holguin Romo now raises. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

As to Holguin Romo's withholding of removal claim, we lack jurisdiction to review the agency's discretionary determination that his offense was a particularly serious crime, *see Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012), and his challenge to the agency's weighing of the evidence does not constitute a colorable constitutional question or question of law that would invoke our jurisdiction under

13-72137 & 14-72799

8 U.S.C. § 1252(a)(2)(D), *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009).

Finally, as to Holguin Romo's CAT claim, substantial evidence supports the BIA's denial of relief because he failed to establish it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Wakkary*, 558 F.3d at 1067-68.

In petition No. 14-72799, our jurisdiction is limited to a review of the BIA's denial of Holguin Romo's motion to reopen with respect to his CAT claim. *See Ghahremani v. Gonzales*, 498 F.3d 993, 998 n.5 (9th Cir. 2007). The BIA did not abuse its discretion in denying Holguin Romo's motion to reopen where the motion was filed more than a year after the BIA's final administrative order, *see* 8 C.F.R. § 1003.2(c)(2), and Holguin Romo failed to establish materially changed circumstances arising in Mexico to qualify for the regulatory exception to the time limitation for a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *He v. Gonzales*, 501 F.3d 1128, 1132-33 (9th Cir. 2007) (documentation insufficient to establish changed circumstances); *see also Najmabadi*, 597 F.3d at 987 (requiring that evidence of changed country conditions "be 'qualitatively different' from the evidence presented at the previous hearing") (citation omitted).

**PETITIONS FOR REVIEW DISMISSED in part; DENIED in part.**